■ ENRIQUE RAMOS, Individually and as Administrator of the Estate of VIGERMINA RAMOS, Deceased, Appellant, v CITY OF NEW YORK, Respondent. —Order, Supreme Court, Bronx County, entered December 18, 1975, directing a new trial on the issues of damages only unless the plaintiff stipulated to a reduction of the verdict from $240,000 to $50,000, unanimously modi-

fied, and order, Supreme Court, Bronx County, entered January 2, 1976, dismissing plaintiff's cause of action for conscious pain and suffering at the conclusion of the plaintiff's case, unanimously reversed, on the law and the facts, so as to direct a new trial on the issues of damages for wrongful death and conscious pain and suffering, with $60 costs and disbursements to abide the event, unless the plaintiff-appellant, within 20 days after the service upon him by defendant-respondent of a copy of the order entered hereon, serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict to $110,000, for both causes of action, and to the entry of an amended judgment in accordance therewith, in which event the order entered on December 18, 1975, as so modified, and the order of January 2, 1976, are unanimously affirmed, without costs and without disbursements. The amount awarded by the jury was excessive and, even inclusive of any possible recovery for conscious pain and suffering, an amount in excess of $110,000 would not be warranted on the evidence before us. On the cause of action for conscious pain and suffering, we find the evidence sufficient to have constituted a prima facie case—that the decedent sustained an injury that, without sedation, would be productive of pain and that, when her husband visited her at the hospital, she, although under sedation, was conscious, had tears in her eyes and raised her arms toward her husband (cf. *Parker v McConnell Mfg. Co.*, 40 AD2d 587). Concur—Stevens, P. J., Murphy, Birns, Silverman and Lynch, JJ.